# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM A. ROSEMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1362-M |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed December 23, 2015. On January 13, 2016, defendant filed its response, and on January 19, 2016, plaintiff filed his reply.

On March 3, 2015, plaintiff filed a negligence action against defendant in the District Court of Oklahoma County, State of Oklahoma. On March 17, 2015, plaintiff filed an amended petition. In the amended petition, plaintiff sought "judgment against the Defendant Home Depot USA, Inc. for compensatory damages in amount of seventy thousand dollars ($70,000.00), inclusive of attorney fees, interest, and costs of this action, subject to amendment at a later date, once all the evidence is in." Amended Petition at 2. On December 16, 2015, plaintiff's counsel sent a letter to defendant's counsel confirming a settlement offer in the amount of $350,000.00. *See* December 16, 2015 letter attached as Exhibit C to defendant's Notice of Removal. Based on this letter, on December 18, 2015, defendant filed its Notice of Removal and removed this action to this Court on the basis of diversity jurisdiction. Plaintiff now moves the Court to remand this action back to state court.

Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. *See* 28 U.S.C. § 1332(a).

In the case at bar, plaintiff asserts that the amount-in-controversy requirement has not been met.[1] The removing party must establish the amount in controversy by a preponderance of the evidence. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). Further, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotations and citation omitted) (emphasis in original). "[O]nce the underlying facts are proven, a defendant . . . is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954. Finally, "a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* at 956.

Having carefully reviewed the parties' submissions, the Court finds the December 16, 2015 letter from plaintiff's counsel to defendant's counsel confirming a settlement offer of $350,000[2] provides a sufficient basis for this Court to conclude that it is not legally certain that plaintiff will recover an amount less than $75,000. In his motion, plaintiff states that this offer was made off the cuff during a telephone conversation and the amount in controversy should not be based on "telephone puffing" from plaintiff's counsel. The Court is unpersuaded by plaintiff's argument. Not only did plaintiff's counsel make a settlement offer of $350,000 during a telephone call, plaintiff's counsel followed up and sent defendant's counsel a letter confirming the settlement offer of $350,000. Accordingly, the Court finds that the amount in controversy requirement has been met.

---

[1]Plaintiff does not dispute that the parties are diverse.

[2]The Court would note that the December 16, 2015 letter was incorporated into defendant's Notice of Removal and attached as an exhibit to defendant's Notice of Removal.

The Court, therefore, DENIES plaintiff's Motion to Remand [docket no. 3].

**IT IS SO ORDERED this 5th day of February, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE